EXHIBIT A

7/29/2026 12:03 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 117954311
By: Taiasha Bradford
Filed: 7/29/2026 12:03 PM

2026-51199 / Court: 334

**CAUSE NO. __________**

| | | |
|---|---|---|
| **JOANN JOYNER** | § | **IN THE DISTRICT COURT** |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **____ JUDICIAL DISTRICT** |
| | § | |
| **SOUTHWEST AIRLINES CO.** | § | |
| ***Defendant.*** | § | **HARRIS COUNTY, TEXAS** |

## PLAINTIFFS ORIGINAL PETITION

**JOANN JOYNER,** hereinafter referred to by name or as ‘Plaintiff’, files this Original Petition and complaining of **SOUTHWEST AIRLINES CO.,** hereinafter referred to by name or as ‘Defendant’, and for Cause of Action would respectfully show unto the court as follows:

### I. DISCOVERY

1. Plaintiff intends to conduct Discovery under Level 3 of the Texas Rules of Civil Procedure.

### II. PARTIES

2. Plaintiff, **JOANN JOYNER** is an individual residing in Alabama, Georgia.
3. Defendant, **SOUTHWEST AIRLINES CO.** is a major public U.S. passenger airline and may be served through its Registered Agent CT Corporation System at 1999 Bryan Suite 900, Dallas, Texas 75201-3136 or wherever they may be found.
   *The applicable fee has been tendered to the Harris County Clerk and Issuance of Citation is requested at this time.*

### III. JURISDICTION

4. This Court has jurisdiction over this matter because the amount in controversy exceeds the minimum jurisdictional limits of this Court.

### IV. VENUE

5. Venue is proper in Harris County, Texas. Specifically, Venue is proper pursuant to the §15.002 (a)(1) of the Texas Civil Practice & Remedies Code, because all the events giving rise to this claim occurred in Harris County, Texas.

### V. FACTS

6. On or about November 23, 2024, Plaintiff **JOANN JOYNER** was a fare-paying passenger on Defendant **SOUTHWEST AIRLINES CO.**’s flight and, prior to arrival, requested wheelchair assistance due to her mobility limitations. Although Defendant acknowledged the request, no wheelchair was available when Plaintiff deplaned. Instead, Defendant's employees instructed Plaintiff to stand against a wall and wait until a wheelchair became available.
   While Plaintiff was standing where she had been directed, a wheelchair attendant employed by or acting on behalf of Defendant negligently pushed a wheelchair into Plaintiff, striking her leg with significant force.
   As a direct and proximate result of the collision, Plaintiff sustained a large hematoma and severe bruising to her leg, requiring surgical intervention.

Unofficial Copy Office of Marilyn Burgess District Clerk

## VI. CAUSES OF ACTION

### *A. NEGLIGENCE*

9. Plaintiff incorporates the preceding paragraphs for all purposes.

Defendant, by and through its employees, agents, and/or representatives, owed Plaintiff a duty to exercise ordinary care in the provision of wheelchair assistance and in the operation of wheelchairs on its premises and aircraft-related areas.

Defendant breached that duty by:

a. Failing to have a wheelchair available upon Plaintiff's deplaning after acknowledging her request;
b. Instructing Plaintiff to stand and wait in an unsafe manner;
c. Negligently pushing a wheelchair into Plaintiff with significant force;
d. Failing to keep a proper lookout while operating the wheelchair;
e. Failing to control the wheelchair; and
f. Failing to exercise ordinary care to protect a passenger with known mobility limitations.

Defendant's breaches were a proximate cause of Plaintiff's injuries and damages.

### *B. VICARIOUS LIABILITY / RESPONDEAT SUPERIOR*

10. Plaintiff incorporates the preceding paragraphs for all purposes.

At all relevant times, the wheelchair attendant was an employee, agent, or representative of Defendant acting within the course and scope of employment or agency.

Defendant is therefore vicariously liable for the negligent acts and omissions of the wheelchair attendant under the doctrine of respondeat superior.

Defendant, by and through its employees, agents, and/or representatives, owed Plaintiff a duty to exercise ordinary care in the provision of wheelchair assistance and in the operation of wheelchairs on its premises and aircraft-related areas.

Defendant breached that duty by:

a. Failing to have a wheelchair available upon Plaintiff's deplaning after acknowledging her request;
b. Instructing Plaintiff to stand and wait in an unsafe manner;
c. Negligently pushing a wheelchair into Plaintiff with significant force;
d. Failing to keep a proper lookout while operating the wheelchair;
e. Failing to control the wheelchair; and
f. Failing to exercise ordinary care to protect a passenger with known mobility limitations.

Defendant's breaches were a proximate cause of Plaintiff's injuries and damages.

### *C. NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION*

11. Plaintiff incorporates the preceding paragraphs for all purposes.

Defendant owed a duty to exercise ordinary care in the hiring, training, supervision, and retention of its wheelchair attendants and other employees who provide disability assistance.

Defendant breached that duty by failing to properly hire, train, supervise, and/or retain the attendant who struck Plaintiff, and by failing to implement adequate policies and procedures for the safe provision of wheelchair assistance.

Such failures were a proximate cause of Plaintiff's injuries.

### *D. NEGLIGENT ENTRUSTMENT*

12. Plaintiff incorporates the preceding paragraphs for all purposes.

Unofficial Copy Office of Marilyn Burgess District Clerk

Defendant entrusted a wheelchair to an attendant who was incompetent, untrained, or unfit to operate it safely.

Defendant knew or should have known of the attendant's incompetence or lack of training.

The negligent entrustment was a proximate cause of Plaintiff's injuries.

***E. PREMISES LIABILITY***

13. Plaintiff incorporates the preceding paragraphs for all purposes.

Plaintiff was an invitee on Defendant's premises (including the gate, jet bridge, and terminal areas under Defendant's control).

Defendant owed Plaintiff a duty to maintain its premises in a reasonably safe condition and to protect her from dangerous conditions and negligent acts of its employees.

Defendant breached that duty, and such breach proximately caused Plaintiff's injuries.

***F. RES IPSA LOQUITUR (PLED IN THE ALTERNATIVE)***

14. Plaintiff incorporates the preceding paragraphs for all purposes.

The violent striking of a waiting passenger with a wheelchair is an event that does not ordinarily occur in the absence of negligence.

The wheelchair was under the exclusive control of Defendant and its attendant.

Plaintiff did not contribute to the occurrence.

Negligence may therefore be inferred under the doctrine of res ipsa loquitur.

***G. GROSS NEGLIGENCE AND EXEMPLARY DAMAGES***

15. Plaintiff incorporates the preceding paragraphs for all purposes.

Defendant's conduct, when viewed objectively from its standpoint at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of potential harm to passengers with mobility limitations.

Defendant had actual, subjective awareness of the risk involved but proceeded with conscious indifference to the rights, safety, and welfare of Plaintiff.

Plaintiff is therefore entitled to exemplary damages under Texas Civil Practice & Remedies Code Chapter 41.

## VII. DAMAGES

16. Pursuant to Rule 47 of the Texas Rule of Civil Procedure, Plaintiff seeks monetary relief of not more than **ONE MILLION DOLLARS 00/100 ($1,000,000.00)** subject to amendment as discovery progresses, and a demand for judgment for all the other relief to which the party deems herself entitled.

These damages are within the jurisdictional limits of this Court; the amount is to be determined by the trier of fact.

Discovery in this matter has just commenced, and therefore Plaintiff cannot state a maximum amount of damages she is seeking at this time and reserves the right to amend or supplement in accordance with the Texas Rules of Civil Procedure.

As a result of Defendant's conduct, Plaintiff seeks the following damages, including but not limited to:

a) Reasonable and necessary medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the occurrence petitioned for herein and such charges were reasonable and were usual and customary for such services in

b) Reasonable and necessary medical care and expenses which in all reasonable

Unofficial Copy Office of Marilyn Burgess District Clerk

probability will be incurred in the future in Nueces County, Texas;

c) Physical pain and suffering in the past;
d) Physical pain and suffering in the future;
e) Physical impairment in the past;
f) Physical impairment which in all reasonable probability will be suffered in the future;
g) Lost of earnings in the past;
h) Lost of earning capacity which in all reasonable probability will be incurred in the future;
i) Loss of consortium in the past, including damages of the family relationship, loss of care, comfort, solace, companionship, protections, services, and/or physical relations,
j) Loss of consortium in the future, including damages of the family relationship, loss of care, comfort, solace, companionship, protections, services, and/or physical relations,
k) Loss of household services in the past;
l) Loss of household services in the future;
m) Disfigurement in the past;
n) Disfigurement in the future;
o) Mental anguish in the past;
p) Mental anguish in the future;
q) Fear or future disease or condition;
r) Cost of medical monitoring and prevention in the future;
s) Property damage; and
t) Exemplary damages.

## VIII. RULE 193.7 NOTICE

17. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendant that all documents produced may be used against Defendant at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating such documents.

## IX. NOTICE OF DEPOSITIONS

18. Pursuant to Rule 199 of the Texas Rule of Civil Procedure, Plaintiff hereby notifies Defendant **SOUTHWEST AIRLINES CO.** of her intent to take the oral deposition of Defendant's corporate representatives, employees, or agents with knowledge of relevant facts pertaining to the incident occurring on or about November 23, 2024, and the maintenance, management, and condition of the Premises.

Such depositions may include but are not limited to representatives responsible for property management, maintenance, and response to tenant complaints.

Plaintiff further intends to depose any witnesses identified in discovery with knowledge of the dangerous condition of the closet shelf or Defendant's policies and procedures.

The depositions will be conducted at a time and place mutually agreed upon by the parties, or as ordered by the Court, following the completion of initial disclosures under Rule 194 of the Texas Rule of Civil Procedure.

Unofficial Copy Office of Marilyn Burgess District Clerk

## X. JURY DEMAND

19. Plaintiff demands a trial by jury and has tendered or will tender the appropriate fee.

## XII. DESIGNATED E-SERVICE EMAIL ADDRESS

20. The following is the undersigned attorney's designated E-Service email address for all E-served documents and notices, filed and unfiled, pursuant to Rules 21(f)(2) & 21(a) of the Texas Rules of Civil Procedure and service through any other email address will be considered invalid: **Team180@herrmanandherrman.com**

## PRAYER

**JOANN JOYNER, Plaintiff,** prays that Citation is issued and served on Defendant **SOUTHWEST AIRLINES CO**; that Defendant be cited to appear and answer; that upon final trial, Plaintiff has judgment against Defendant, both jointly and severally, in a total sum in excess of the jurisdictional limits of this Court, and that Plaintiff recovers:

a. Exemplary damages;
b. Actual damages;
c. Pre-judgment interest at the maximum legal rate;
d. Post-judgment interest at the maximum legal rate;
e. Costs of the Court;
f. Past medical expenses;
g. Future medical expenses;
h. Pain and suffering in the past;
i. Pain and suffering in the future;
j. Lost Wages;
k. Past Mental Anguish;
l. Future Mental Anguish; and
m. Such other further relief, in law or equity, general or specific, to which Plaintiff may show herself justly entitled.

Unofficial Copy Office of Marilyn Burgess District Clerk

Respectfully submitted,

**HERRMAN & HERRMAN, P.L.L.C.**
1201 Third Street
Corpus Christi, Texas 78404
Tel: (361) 882-4357
Fax: (361) 883-7957

Tasha Ricks
State Bar No. 24085553
Tasha.Ricks@herrmanandherrman.com
**E-Service Email:**
**Team180@herrmanandherrman.com**
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certificate that a true and correct copy of this Plaintiffs' Original Petition was served on the below pursuant to the Texas Rules of Civil Procedure as follows, pursuant to the below:

***VIA E-SERVICE: Robert.Houck@usaig.com***
**Mr. Robert Houck Jr.**
United States Aircraft Insurance Group
USAIG Claim #LP-23-0001860
15303 Dallas Parkway, Suite 500
Addison, Texas 75001
**BODILY INJURY ADJUSTER FOR DEFENDANT**

______________________________
Tasha Ricks

Unofficial Copy Office of Marilyn Burgess District Clerk

EXHIBIT A

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Tasha Ricks on behalf of Tasha Ricks
Bar No. 24085553
Team180@herrmanandherrman.com
Envelope ID: 117954311
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 7/29/2026 12:12 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Nadia Avila | | Nadia.Cruz@herrmanandherrman.com | 7/29/2026 12:03:20 PM | SENT |
| Tasha Ricks | | Team180@herrmanandherrman.com | 7/29/2026 12:03:20 PM | SENT |

Unofficial Copy Office of Marilyn Burgess District Clerk